**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEAMIA POWELL, | No. 13-35403 |
| Plaintiff - Appellee, | D.C. No. 2:13-cv-00077-TOR |
| v. | |
| HERBERT SLEMP, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted October 6, 2014
Seattle, Washington

Before: PAEZ, BYBEE, and CALLAHAN, Circuit Judges.

Washington State Patrol Sergeant Herbert Slemp appeals the district court's

denial of his motion for summary judgment on the basis of qualified immunity.

Plaintiff Keamia Powell brought suit against him under 42 U.S.C. § 1983, alleging

that Sgt. Slemp used excessive force when he attempted to restrain her with his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

firearm drawn and discharged his weapon, resulting in a gunshot wound to her back.

The district court conducted its analysis assuming that the shooting was accidental. On appeal, Powell argues that we can draw the inference from the record that Sgt. Slemp intentionally shot Powell. However, beyond her own speculation, Powell cannot point to any evidence in the record that supports the conclusion that Sgt. Slemp intentionally shot her, and no reasonable jury could so conclude. Thus, we focus on what the district court characterized as Powell's "primary theory of liability"—that Sgt. Slemp used excessive force when he attempted to restrain Powell with his firearm drawn.

In evaluating a qualified immunity defense, a court must assess whether a jury could find that the defendant's conduct violated a constitutional right and whether that right was clearly established, such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 201–02 (2001). District courts and courts of appeals may exercise their discretion to address these questions in either order, and, if they answer one question in the negative, may grant qualified immunity without reaching the other. *Pearson v. Callahan,* 555 U.S. 223, 236 (2009). In addressing the clearly established prong, the court must not "define clearly

established law at a high level of generality." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2084 (2011).

Here, the district court defined the clearly established right at issue too broadly, without reference to Sgt. Slemp's particular actions in this case. Unless existing law would have made it "sufficiently clear" to a reasonable officer in Sgt. Slemp's position that attempting to restrain Powell with his gun drawn violated her Fourth Amendment rights, Sgt. Slemp was entitled to qualified immunity. *See Anderson v. Creighton*, 483 U.S. 635, 639-40 (1987). Because no such case law exists, and because the illegality of his actions was not otherwise "beyond debate," *al-Kidd*, 131 S. Ct. at 2083, Sgt. Slemp must prevail on his motion for summary judgment.

Exercising our discretion under *Pearson v. Callahan*, we decline to reach the question whether Sgt. Slemp's actions violated Powell's Fourth Amendment rights.

**REVERSED.**